Nichols, C. J.
On May 8, 1918, Harry D. Horn, then the husband of the defendant in error, insured his life in The Western & Southern Life Insurance Company in the sum of one thousand dollars, the defendant in error being designated as sole beneficiary.
This policy contained the following provision:
“In case of suicide, while sane or insane, within two years from the date on v/hich this insurance begins, the limit of recovery shall be the amount, of premiums paid hereon.”
In November, 1918, the beneficiary brought action against the Insurance Company in the com *479 mon pleas court, alleging among other thingsi that on the 2d day of September, 1918, the insured, while afflicted with a disease known to alienists as acute suicidal mania, destroyed his own life by hanging.
The defendant demurred.
The sole question involved in the case is the validity of the suicide clause in the policy.
The common pleas court sustained the demurrer.
The court of appeals reversed the judgment of the common pleas court, and held-that the suicide clause of the policy was prohibited by paragraph 4, Section 9421, General Code of Ohio..
It is therein provided that no policy of life insurance shall be issued in Ohio which contains a provision for any mode of settlement at maturity of less value than the amount insured.
The view of the law of the case evidently entertained by the court of appeals would have entitled the defendant in error to have recovered on the policy even if it had been conceded that the policy holder at the time of his death was wholly sane.
We are of the opinion that this conception of Section 9421 is to greatly enlarge the real intention of the general assembly, and in fact to entirely defeat its intention as expressed in other portions of the Life Insurance Act of 1908. See 99 Ohio Laws, page 139 et seq.
The suicide clause in the policy, while differing from that found in many life insurance policies, is in effect but a provision that if the insured takes his own life recovery is to be denied, and it should *480 be construed as providing that suicide of the insured was to operate to forfeit participation.
The fact that the policy in the instant case more generously provides for the return of the premiums paid instead of an absolute forfeiture, should not, and does not, operate to make the company subject to the prohibition of paragraph 4, Section 9421, General Code.
The policy issued to the defendant in error’s husband did not pretend to be of the standard variety provided for in Sections 9412 to 9417, inclusive, General Code. These sections do not seek to limit the issuing of life insurance polices by either foreign or domestic companies to the forms set forth therein. If this were the purpose of the law, it would have been entirely unnecessary to' enact Sections 9420 or -9421, General Code.
Section 9420 provides just what the non-standard forms must contain, and Section 9421 provides what they shall not contain. Neither one of these sections is violated in the form adopted and issued in the instant case. Section 9420 does not provide that the conditions relative to suicide shall not apply to one who at the time of the taking of life was insane, nor do we think that any of the prohibitory provisions of Section 9421 have application here. Paragraph 4 of this section is the only one that could possibly have reference to the subject, and holding, as we have heretofore indicated, that the language used in the suicide clause is equivalent in effect to a plain denial of recovery, we do not think the provision in question is one prescribing a “mode of settlement at maturity.”
The language used in the policy in the case at *481 bar is clear and unambiguous. It is a plain notice to the insured that taking of one’s own life, whether one be sane or insane, is a risk not assumed by the company.
There is no sound public policy that would justify any court in holding such provision illegal.
In the case of Bigelow v. Berkshire Life Ins. Co., 93 U. S., 284, it was said by the supreme court of the United States, at page 286:
“If they [meaning insurance companies] are at liberty to stipulate against hazardous occupations, unhealthy climates, or death by the hands of the law, or in consequence of injuries received when intoxicated, surely it is competent for them to stipulate against intentional self-destruction, whether it be the voluntary act of an accountable moral agent or not.”
In the case of Schultz v. Insurance Co., 40 Ohio St., 217, the supreme court commission held that language used in a life insurance policy, denying recovery if the insured shall, under any circumstances, die by his own hand, did not relieve the insurance company if the insured died by his own hand while insane. The court, however, plainly indicated in its opinion that if the language employed had been such as we find in the case at bar, recovery would have been denied.
The judgment of the court of appeals is reversed and that of the common pleas affirmed.
ludgment reversed,
Jones, Matthias, Johnson, Wanamaker, Robinson and Merreix, JJ., concur.